# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **Southern** |
|---|---|
| Name (under which you were convicted): **Gene Ramirez** | Docket or Case No.: ***Evidentiary Hearing Requested*** |
| Place of Confinement : **Century Correctional Institution, 400 Tedder Rd, Century, FL 32535-3700** | Prisoner No.: **193360** |
| Petitioner (include the name under which you were convicted) v. **Julie Jones, Secretary Florida Department of Corrections** | Respondent (authorized person having custody of petitioner) |
| The Attorney General of the State of Florida **Pamela Jo Bondi** | |

PROVIDED TO CENTURY CI
DEC 19 2018
FOR MAILING
RECEIVED BY

FILED BY D.C.
DEC 28 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

**Seventeenth Judicial Circuit, Broward County, 201 SE 6th St, Rm 136, Ft Lauderdale, Florida 33301-3389**

(b) Criminal docket or case number (if you know): **11-014153CF10A**

2. (a) Date of the judgment of conviction (if you know): **June 19, 2013**

(b) Date of sentencing: **July 17, 2013**

3. Length of sentence: **18 years Florida Department of Corrections**

4. In this case, were you convicted on more than one count or of more than one crime? ☒ **Yes** ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   **Count One: Burglary Conveyance Assault/Batt (Assault)**
   **Count Two: Resisting Officer W/Violence**
   **Count Three: Felony Battery**
   **Count Four: Criminal Mischief**

6. (a) What was your plea? (Check one)

☒ **(1) Not guilty** ☐ (3) Nolo contendere (no contest)

☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one) ☒ **Jury** ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing? ☐ Yes ☒ **No**

8. Did you appeal from the judgment of conviction? ☒ **Yes** ☐ No

9. If you did appeal, answer the following:

(a) Name of court: **Fourth District Court of Appeal**

(b) Docket or case number (if you know): **4D13-2588**

(c) Result: **Per Curium Affirmed**

(d) Date of result (if you know): **April 23, 2018**

(e) Citation to the case (if you know): **163 So. 3d 1218**

(f) Grounds raised:

**Ground One:**

**FUNDAMENTAL ERROR OCCURRED IN THE INSTRUCTION ON RESISTING AN OFFICER WITH VIOLENCE.**

**Ground Two:**

**FUNDAMENTAL ERROR OCCURRED IN THE INSTRUCTION ON BURGLARY. THE INSTRUCTION DEPRIVED THE DEFENDANT OF HIS RIGHT TO PROPER CONSIDERATION OF THE LESSER INCLUDED OFFENSES.**

**Ground Three:**

**FUNDAMENTAL ERROR OCCURRED IN THE STATE'S FINAL ARGUMENT AS TO BURGLARY WITH ASSAULT. THE STATE MISREPRESENTED THE OFFICER'S TESTIMONY ON THE DISPUTED ISSUE OF WHETHER THE DRIVER WAS IN THE CAR WHEN THE DEFENDANT BROKE IN THROUGH THE WINDOW.**

(g) Did you seek further review by a higher state court? ☐ Yes ☒ No

If yes, answer the following: **N/A**

(1) Name of court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Result: **N/A**

(4) Date of result (if you know): **N/A**

(5) Citation to the case (if you know): **N/A**

(6) Grounds raised: **N/A**

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ **No**

If yes, answer the following:

(1) Docket or case number (if you know): **N/A**

(2) Result: **N/A**

(3) Date of result (if you know): **N/A**

(4) Citation to the case (if you know): **N/A**

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: **Seventeenth Judicial Circuit, Broward County, 201 SE 6th St,**

**Rm 136, Ft Lauderdale, Florida 33301-3389**

(2) Docket or case number (if you know): **11-014153CF10A**

(3) Date of filing (if you know): **June 11, 2014**

(4) Nature of the proceeding: **3.800(b)(2)**

(5) Grounds raised: **Unavailable**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: **DENIED**

(8) Date of result (if you know): **July 22, 2015**

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: **Supreme Court Building, 500 South Duval St, Tallahassee, FL 32399**

(2) Docket or case number (if you know):. **SC16-515**

(3) Date of filing (if you know): **April 07, 2016**

(4) Nature of the proceeding: **Petition for Writ of Habeas Corpus**

(5) Grounds raised: **Unavailable**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: **Denied**

(8) Date of result (if you know): **May 10, 2016**

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: **Seventeenth Judicial Circuit, Broward County, 201 SE 6th St, Rm 136, Ft Lauderdale, Florida 33301-3389**

(2) Docket or case number (if you know):. **11-014153CF10A**

(3) Date of filing (if you know): **July 01, 2016**

(4) Nature of the proceeding: **Amended Motion for Post Conviction Relief 3.850**

(5) Grounds raised:

**Ground One:**

**DEFENSE TRIAL ATTORNEY WAS OF NO SOUND LEGAL MIND THEREFORE PREJUDICING DEFENDANT IN THE FOLLOWING DUE PROCESS VIOLATIONS AMOUNTING TO ABDUCTION OF FIDUCIARY DUTY IN VIOLATION OF THE DEFENDANT'S 5TH, 6TH, AND 14TH, AMENDMENT RIGHTS.**

**Ground Two:**

DEFENSE COUNSEL'S FAILURE TO OBJECT WHEN THE PROSECUTOR MISCHARACTERIZED CRUCIAL EVIDENCE DURING THE SENTENCING PROCESS WAS DEFICIENT PERFORMANCE AND COUNSELS DEFICIENT PERFORMANCE IN FAILING TO OBJECT WHEN THE PROSECUTOR MISCHARACTERIZED CRUCIAL EVIDENCE PREJUDICED DEFENDANT IN VIOLATION OF THE DEFENDANT'S 5TH, 6TH, AND 14TH, AMENDMENT RIGHTS.

**Ground Three:**

DEFENSE COUNSEL'S FAILURE TO OBJECT AT TRIAL WHEN THE STATE FAILED TO SUPPLY THE JURY WITH A VERDICT FOR BOTH LESSER-INCLUDED OFFENSES OF BURGLARY WITH ASSAULT WAS DEFICIENT PERFORMANCE AND DEFENSE COUNSEL'S PERFORMANCE IN FAILING TO OBJECT AT TRIAL WHEN THE JURY WAS NOT PROVIDED PROPER JURY VERDICT FORM FOR BOTH LESSER-INCLUDED OFFENSES OF BURGLARY WITH ASSAULT PREJUDICED DEFENDANT IN VIOLATION OF THE DEFENDANT'S 5TH, 6TH, AND 14TH, AMENDMENT RIGHTS.

**Ground Four:**

DEFENDANT'S SIXTH AMENDMENT DUE PROCESS RIGHTS WERE VIOLATED TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO EXERCISE PEREMPTORY CHALLENGES TO STRIKE FOUR (4) PROSPECTIVE JURORS WHO STATED THAT THEY OR A FAMILY MEMBER HAD BEEN VICTIMS OF BURGLARY, SAME OF SIMILAR CRIMES OF BURGLARY THE DEFENDANT WENT TO TRIAL FOR, THUS WAS DEFICIENT PERFORMANCE PREJUDICING DEFENDANT IN VIOLATION OF THE DEFENDANT'S 5TH, 6TH, AND 14TH, AMENDMENT RIGHTS.

**Ground Five:**

DEFENSE COUNSEL'S FAILURE TO TIMELY INVESTIGATE, PREPARE, OR PRESENT AN INSANITY DEFENSE WAS DEFICIENT PERFORMANCE IN FAILING TO INVESTIGATE, PREPARE, OR PRESENT AN DEFENSE PREJUDICED DEFENDANT IN VIOLATION OF THE DEFENDANT'S 5TH, 6TH, AND 14TH, AMENDMENT RIGHTS.

**Ground Six:**

COUNT II CHARGING DEFENDANT WITH RESISTING ARREST WITH VIOLENCE MUST BE SET ASIDE BECAUSE THE VARIANCE BETWEEN THE ALLEGATIONS AND THE EVIDENCE AT TRIAL IN VIOLATION OF THE DEFENDANT'S 5TH, 6TH, AND 14TH, AMENDMENT RIGHTS.

**Ground Seven:**

AN UNLAWFUL SENTENCING IS RECOGNIZED IN A 3.850 MOTION AS DEFENDANT MAINTAINS THAT HIS CONVICTION AND SENTENCE ON COUNT ONE IS UNLAWFUL IN VIOLATION UNDER THE JURY AND DUE PROCESS CLAUSE OF THE UNITED STATES AND FEDERAL CONSTITUTION IN VIOLATION OF THE DEFENDANT'S 5TH, 6TH, AND 14TH, AMENDMENT RIGHTS.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ **Yes** ☒ No

(7) Result: **Denied**

(8) Date of result (if you know): **January 12, 2018**

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion? ☒ **Yes** ☐ No

(1) First petition: ☒ **Yes** ☐ No

(2) Second petition: ☒ **Yes** ☐ No

(3) Third petition: ☒ **Yes** ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: **N/A**

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION**: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**Jurisdiction:**

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the constitution or laws or treaties of the United States. *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254. The "in custody" requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. *Id.* (*citing Hensley v. Municipal Court*, 411 U.S. 345, 93 S. Ct. 1571, 1574-1575, 36 L. Ed. 2d 294 (1973)). Ramirez satisfies both prongs of the requirements for habeas jurisdiction. First, Ramirez was convicted in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County Florida. Ramirez is incarcerated at Century Correctional Institution in Century, Florida. Ramirez is "in custody" for purposes of habeas jurisdiction when he filed his Petition for Writ of Habeas Corpus. Second, Ramirez alleges that the facts underlying his claims if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found Ramirez guilty of the underlying offense.

**Evidentiary Hearing:**

Pursuant to Rule 8 of the Rules Governing Section 2254 Cases, Ramirez seeks an evidentiary hearing to offer proof concerning the allegations in his petition. Pursuant to 28 U. S. C. § 2254(e)(2): If the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-

(A) the claim relies on-

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

Under AEDPA, a defendant who "failed to develop the factual basis of a claim in state court proceedings" cannot obtain an evidentiary hearing unless he or she satisfies two statutory exceptions. *McAdoo v. Elo*, 365 F.3d 487, 500 (6th Cir. 2004) *cert. denied*, 543 U.S. 892, 125 S. Ct. 168, 160 L. Ed. 2d 156 (2004) (*citing* 28 U.S.C. § 2254(e)(2)). However, when a defendant diligently seeks an evidentiary hearing in the state courts in the manner prescribed, but the state courts deny him or her that opportunity, he or she can avoid Section 2254(e)(2)'s barriers to obtaining a hearing in federal court. *Id.* (*citing Williams v. Taylor*, 529 U.S. 420, 120 S. Ct. 1479, 1490-1491, 146 L. Ed. 2d 435 (2000)). A defendant fails to develop the factual basis of a claim only when he or she is at fault for failing to develop the factual record in state court, as when he or his counsel has not exercised proper diligence, or greater fault, in fail-

ing to develop the record. *Id.* (*citing Williams*, 120 S. Ct. at 1488; *Moss v. Hofbauer*, 286 F.3d 851, 858-59 (6th Cir. 2002), *cert. denied*, 537 U.S. 1092, 123 S. Ct. 702, 154 L. Ed. 2d 639 (2002)). The test for "failed to develop" is defined as a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel" in his or her attempts to discover and present a claim in the state court. *Id.* (*citing Williams, supra*, 120 S. Ct. at 1488; *Thompson v. Bell*, 315 F.3d 566, 594 (6th Cir. 2003) *cert. denied*, 540 U.S. 1051, 124 S. Ct. 804, 157 L. Ed. 2d 701 (2003)). Diligence for purposes of Section 2254(e)(2) depends upon "whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in the state court." *Id.* (*citing Williams*, 120 S. Ct. at 1489-1490; *Thompson, supra*, 315 F.3d at 594). Diligent efforts require, at minimum, that the petitioner seek an evidentiary hearing in state court in the manner prescribed by state law. *Williams*, 120 S. Ct. at 1489-1490. A petitioner has not *failed* to develop the factual basis of a claim and an evidentiary hearing is not barred by Section 2254(e)(2) where the petitioner was *unable* to develop the factual basis supporting his claim in state court despite diligent efforts. *Id.* at 1490-1491. If the habeas petitioner "has diligently sought to develop the factual basis of a claim for habeas relief," but has been denied the opportunity to do so by the state court, Section 2254(e)(2) will not preclude an evidentiary hearing in federal court. *Id.* at 1491.

Upon reviewing the court transcript, pleadings, affidavits and declarations, Ramirez has met the burden of showing that he was diligent in efforts to develop the facts that support his contention of innocence. Much effort has been expended on Ramirez behalf to obtain an evidentiary hearing to address the exculpatory evidence critical to his defense. Therefore, Ramirez is not foreclosed from an evidentiary hearing under Section 2254(e)(2).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**GROUND ONE:**

**GROUND ONE IN 3.850 PROCEEDING**

**DEFENSE TRIAL ATTORNEY WAS OF NO SOUND LEGAL MIND THEREFORE PREJUDICING DEFENDANT IN THE FOLLOWING DUE PROCESS VIOLATIONS AMOUNTING TO ABDUCTION OF FIDUCIARY DUTY IN VIOLATION OF THE DEFENDANT'S 5TH, 6TH, AND 14TH, AMENDMENT RIGHTS.**

**Supporting facts**

Ramirez argued that defense counsel's failure to file motion for new trial based on the insufficiency of the evidence following conviction on count one charging Ramirez with burglary of a conveyance with assault. Ramirez argued the states eyewitness, Detective Carlos Gerra (Gerra) undisputed testimony evidence contradicted the alleged victim's version of events concerning any occupancy that existed at the time of the breaking and entering of the vehicle. Detective Gerra testimony weakened the state's case against Ramirez creating a reasonable doubt of guilt.

***Motion for Judgment of Acquittal:***

Counsel Mr. Jeffery Glass (Glass) on motion for judgment of acquittal argued before the court:

"as well indicated at this point in time that I don't believe that a reasonable jury would convict based on the testimony of Mr. Williams and Mr. Derico that there are more than what I call inconsistencies. There are what I call lies, and, in that, in that, they each have impeached each other, the police officer has impeached what they have said, that they have, therefore, lied under oath, and I believe that that's absolutely clear to this lawyer and I don't think that this case should go to the jury. I think that they are just unworthy of belief".(T.T. 412)

Ramirez argues the trial testimony of Mr. Williams and Mr. Derico at trial, created a credibility issue and the probative force of the conflicting testimony should not have been presented or determined on a motion for judgment of acquittal. Ramirez argues that defense counsel Glass in moving for a judgment of acquittal:

> the movant admits every conclusion favorable to the adverse party that a jury might fairly infer from the evidence.

In Ramirez's case the verdict is contrary to law or the weight of the evidence.

When counsel motioned for judgment of acquittal the court made a determination whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Under a judgment of acquittal the court does not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. United States v. Budd, 496 F.3d 517, 530 (6th Cir. 2007); United States v. Meyer, 359 F.3d 820, 826 (6th Cir. 1979); United States v. Walls, 293 F.3d 959, 967 (6th Cir. 2002); United States v. Frost, 125 F.3d 346, 354 (6th Cir. 1997); United States v. Hilliard, 11 F.3d 618, 620 (6th Cir. 1993); cf. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. So.2d 560 (1979).

***Motion for New Trial:***

In the instant case the verdict was rendered against the manifest weight of the evidence presented. Although the evidence presented at trial might be adequate to satisfy the "sufficiency of the evidence" standard, the trier of fact might nonetheless find the credible evidence of insufficient weight to justify a finding of guilt beyond and to the exclusion of a reasonable doubt. Had counsel argued the proper motion, motion for new trial based on the "sufficiency of the evidence", the court would have granted such motion.

As an essential of the due process guaranteed by the Fourteenth Amendment, no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof which is defined as the evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense; accordingly, a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim.

The rule that no person, consistently with due process, may be convicted of a crime except upon proof of guilt beyond a reasonable doubt requires also that the fact finder will rationally apply that standard to the facts in evidence, a "reasonable doubt" being, at a minimum, one based upon "reason." Evidence which has a tendency to make the existence of an element of a crime slightly more probable than it would be without the evidence (that is, "relevant" evidence) cannot, by itself, rationally support a conviction of a crime beyond a reasonable doubt, as is required by due process. Failure to instruct a jury in a criminal case on the necessity of proof of guilt beyond a reasonable doubt can never be harmless error, so that a defendant whose guilt was proven by overwhelming evidence would be denied due process if the jury was instructed that he could be found guilty on a mere preponderance of the evidence; a defendant against whom there was but one slender bit of evidence would likewise be denied due process upon conviction even though the jury was properly instructed on the prosecution's burden of proof beyond a reasonable doubt. A federal habeas corpus court must consider not whether there was any evidence to support a state-court conviction, but whether there was sufficient evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt.

In re Winship, 397 US 358, 25 L Ed 2d 368, 90 S Ct 1068, 51 Ohio Ops 2d 323. In re Winship presupposes as an essential of the due process guaranteed by the Fourteenth Amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof-defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense. After In re Winship, the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed on reasonable doubt, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. The relevant question is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The Thompson "no evidence" rule is simply inadequate to protect against misapplications of the constitutional standard of reasonable doubt. The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt. In re Winship, 397 US 358, 25 L Ed 2d 368, 90 S Ct 1068, 51 Ohio Ops 2d 323. The question in this case is what standard is to be applied in a federal habeas corpus proceeding when the claim is made that a person has been convicted in a state court upon insufficient evidence.

1. **Sufficiency of the evidence**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: **N/A**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)( I) is "Yes," state:

Type of motion or petition: **Petition for Writ of Habeas Corpus/3.850**

Name and location of the court where the motion or petition was filed: **Fourth District Court of Appeal**

Docket or case number (if you know):4D17-3784

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): Per Curium Affirmed

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes." did you raise this issue in the appeal? ☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," **N/A**

Name and location of the court where the appeal was filed:_**N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

13. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

THEREFORE, Ramirez asks that the Court grant the following relief:

Find Ramirez's conviction rests upon unconstitutional factors stemming from appointed counsel's constitutionally ineffective assistance of counsel, which resulted in the conviction of an actually innocent person. Remand the case back to the State court for evidentiary proceedings and grant the Petitioner a new trial, or for any other relief to which Ramirez may-be entitled.

Dene Ramirez
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on Dec. 19, 2018 (month, date, year).

Executed (signed) on Dec. 19.2018 (date).

Dene Ramirez
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Gene Ramirez
DC # 193360 F3-111L
Century Correctional Institution
400 Tedder Rd.
Century, Florida 32535

PENSACOLA
FL 325
26 DEC 18
MAILED FROM A
CORRECTIONAL
INSTITUTION

Hasler
12/21/2018
US POSTAGE $0
USA FOREVER
ZIP 32535
011E11675304

United States District Court.
Southern District of Florida.
299 E. Broward Blvd. Room 108
Ft. Lauderdale, Florida. 33301-1922

LEGAL MAIL

33301-197799

PROVIDED TO
CENTURY CI
DEC 19 2018
FOR MAILING
RECEIVED BY

LEGAL MAIL